IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LYUDMILA LELARY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:04-0635 |
| | ) | Judge Knowles |
| v. | ) | |
| | ) | |
| RENAISSANCE NASHVILLE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction and Background**

Pending before the Court is Defendant's Motion for Summary Judgment. Docket Entry No. 21. In support of that Motion, Defendant has submitted an accompanying Memorandum of Law (Docket Entry No. 22), a Statement of Undisputed Material Facts (Docket Entry No. 23), and an Appendix of Exhibits (Docket Entry No. 24).

Plaintiff has filed a Response (Docket Entry No. 25), to which Defendant has replied (Docket Entry No. 27). Plaintiff has additionally submitted a Response to Defendant's Statement of Undisputed Material Facts. Docket Entry No. 26.

Plaintiff, who is represented by counsel, filed her Complaint on June 19, 2004, alleging that Defendant terminated her employment in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Docket Entry No. 1. Plaintiff avers that she suffered work-related bilateral carpal tunnel syndrome that required her to take medical leave, that, upon returning to

1

work on April 4, 2003, she was advised that she could not perform her duties with the restrictions imposed upon her by her doctor, and that she was accordingly "sent home." *Id.* Plaintiff contends that she was informed that Defendant would contact her when a position became available that was within the restrictions imposed by her doctor, that several such positions were, in fact, available, and that Defendant never contacted her or offered her any subsequent position. *Id.* Plaintiff also contends that she was subject to a hostile work environment because her supervisors, who were African-American, purportedly made remarks concerning their dislike of "white people" and "people from Russia." *Id.*

Plaintiff properly filed her Charge of Discrimination with the EEOC on September 25, 2003,[1] alleging discrimination based upon disability and national origin. Docket Entry No. 9, Ex. A. Plaintiff received her Dismissal and Notice of Right to Sue letter on May 25, 2004 (Docket Entry No. 9, Ex. B), and timely filed this lawsuit (Docket Entry No. 1).

Defendant filed its Answer on August 18, 2004, denying liability and asserting numerous affirmative defenses. Docket Entry No. 6.

Defendant filed a "Motion to Dismiss Plaintiff's Hostile Work Environment Claim for Lack of Subject Matter Jurisdiction" (Docket Entry No. 8), which was granted by the undersigned in an Order dated January 13, 2005 (Docket Entry No. 19).

On March 29, 2005, the parties voluntarily agreed to dismiss with prejudice Plaintiff's ADA claim of disability discrimination. Docket Entry No. 20. Thus, Plaintiff's only remaining claim relates to discrimination based upon Plaintiff's national origin.

---

[1] Plaintiff dated her Charge of Discrimination September 25, 2003, but the EEOC dated it as received on October 6, 2003. This difference is not material to the issues currently before the Court.

2

Defendant filed the instant Motion for Summary Judgment and accompanying submissions on April 15, 2005. Docket Entry Nos. 21-24. Defendant argues that Plaintiff cannot establish a prima facie case of discrimination based upon her national origin because "she admits that she was not qualified to perform her duties as a room attendant due to her medical restrictions," because "she cannot establish [that] she was replaced by an individual outside her protected category with similar qualifications or that similarly situated individuals were given preferential treatment," and because she "cannot establish [that Defendant's] legitimate nondiscriminatory reason for her termination ... is mere pretext." *Id.* Accordingly, Defendant argues that "Plaintiff's claim fails as a matter of law and summary judgment is warranted." *Id.*

Plaintiff filed a "Memorandum in Opposition to Defendant's Motion for Summary Judgment" on May 5, 2005. Docket Entry No. 25. Plaintiff argues that, "This case, like so many similar cases, involves a multiplicity of issues of *motive and intent*," and that, "lawsuits that rise or fall on questions of motive and/or intent are definitionally [*sic*] inappropriate for Summary Judgment." *Id.* (Italics original.) Plaintiff also argues that the facts are in dispute regarding whether Plaintiff was qualified for her position and whether she was "replaced by or her position remained open to similarly qualified applicants after her dismissal." *Id.* Plaintiff contends that Defendant's stated reason for her termination is pretextual and that the Court should infer discriminatory animus from the "mere fact of differences in treatment." *Id.*

Defendant filed its Reply on May 18, 2005. Docket Entry No. 27. Defendant maintains that, despite Plaintiff's "attempts to dismiss the summary judgment process by arguing [that] this case rises and falls on questions of credibility," "[t]his is not a case of 'he said, she said.'" *Id.* Defendant argues that Plaintiff's own sworn Deposition testimony "provides the basis for almost

3

all of the undisputed material facts," and that Plaintiff cannot now dispute material facts that she admitted during her Deposition. *Id.* Defendant argues that Plaintiff cannot establish her prima facie case because she testified in her Deposition that she could no longer perform her duties after she was issued permanent medical restrictions, and because she has not adduced any evidence regarding the nationality of the new employees or demonstrated that the new employees had similar qualifications. *Id.* Defendant also argues that Plaintiff has failed to adduce any evidence demonstrating that other similarly situated individuals outside her protected class were treated more favorably than she. *Id.* Finally, Defendant contends that, in addition to failing to establish her prima facie case, Plaintiff has failed to demonstrate that its legitimate nondiscriminatory reason for her termination was pretextual. *Id.*

For the following reasons, Defendant's Motion for Summary Judgment will be GRANTED.

## II. Undisputed Facts[2]

Plaintiff began working for Defendant as a room attendant in February 1995. Docket Entry No. 24, Attachment A, Deposition of Lyudmila Lelary ("Plaintiff's Dep."), pp. 25, 29. As part of her duties as a room attendant, Plaintiff was required to push/pull a large metal cart weighing over 50 pounds unloaded and over 100 pounds loaded.[3] Plaintiff's Dep., pp. 32, 33; Docket Entry No. 24, Attachment G, Declaration of Anne McDonald ("McDonald Decl."), ¶ 3.

On August 22, 2002, Plaintiff was diagnosed with bilateral carpal tunnel syndrome.

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

[3] Plaintiff, in her Deposition, testified that the cart, when loaded, "might weigh 200 kilograms or even more." Plaintiff's Dep., p. 33.

4

Plaintiff's Dep., pp. 67-68. In late January 2003, Plaintiff submitted a physician's note to Defendant which indicated that she could return to work on February 1, 2003 without any medical restrictions. Plaintiff's Dep., pp. 70-71, 78.

Defendant returned Plaintiff to the work schedule as a room attendant in early February 2003, but Plaintiff did not return to work at that time. Plaintiff's Dep., pp. 78-79; McDonald Decl., ¶ 8. Plaintiff submitted a second "release to work" on or after February 26, 2003 that released her to return to work on March 3, 2003, with medical restrictions. Plaintiff's Dep., pp. 79-80, Ex. 5; McDonald Decl., ¶ 8.[4] Plaintiff's medical restrictions prohibited her from lifting more than 20 pounds or pushing/pulling more than 50 pounds. Plaintiff's Dep., pp. 78-79, Ex. 5. Defendant was informed in March 2003 that Plaintiff's medical restrictions were permanent. Docket Entry No. 24, Attachment H, Declaration of Amy Shinn-Ray ("Shinn-Ray Decl."), ¶ 10. Plaintiff could not perform her duties as a room attendant with these restrictions. Plaintiff's Dep., pp. 83, 100; Shinn-Ray Decl., ¶ 10.

Plaintiff returned to work on March 3, 2003, but was sent home. Plaintiff's Dep., pp. 78-79.

Defendant did not have any available positions that Plaintiff could perform with her medical restrictions for which she was qualified in March 2003.[5] Plaintiff's Dep., p. 109;

---

[4] Ms. McDonald, in her Declaration, states that Plaintiff's second "return to work" released her to return to work on March 2, 2003; the actual physician's note, however, states that Plaintiff could return to work on March 3, 2003. *See* McDonald Decl., ¶ 8 ; Docket Entry No. 24, Ex. 5. This difference is not, however, material to the case at bar.

[5] Plaintiff, in her "Response to Defendant's Statement of Undisputed Material Facts," denies this fact and refers to a page-and-a-half argument regarding the appropriateness of summary judgment on issues that are "predicated on motive and intent." *See* Docket Entry No. 26. Plaintiff's argument is not an appropriate response to the fact stated, nor does it change the

5

McDonald Decl., ¶¶ 10, 12, 15; Shinn-Ray Decl., ¶ 10; Docket Entry No. 24, Attachment F, Deposition of Anne McDonald ("McDonald Dep."), p. 16.  Additionally, Defendant did not have available lobby attendant or uniform attendant positions in March 2003.[6]  Plaintiff's Dep., pp. 85, 91-94; McDonald Decl., ¶¶ 12, 13, 15.

Defendant's Director of Human Resources, Anne McDonald, made the decision to terminate Plaintiff's employment, and Plaintiff's employment was terminated effective April 4, 2004.  Plaintiff's Dep., pp. 98, 121; McDonald Decl., ¶¶ 12, 15; Shinn-Ray Decl., ¶ 10.

Defendant has a posted anti-discrimination policy.  McDonald Decl., ¶ 15; Shinn-Ray Decl., ¶ 13.

Defendant does not create new positions or "bump" employees from their positions to accommodate other employees with medical restrictions.[7]  McDonald Decl., ¶¶ 10, 15.  Defendant had terminated individuals of non-Russian descent when it did not have any available positions to accommodate their permanent medical restrictions.[8]  McDonald Decl., ¶ 10.

Neither Gloria Nobrega nor Keseena Freze submitted permanent work restrictions to Defendant, and both were at all times able to perform their duties as room attendants.[9]  Plaintiff's

---

fact that Plaintiff admitted during her Deposition, that "with my limited English the housekeeper is the only [position] here" that she could perform.  Plaintiff's Dep., p. 109.

[6] Plaintiff, in her "Response to Defendant's Statement of Undisputed Material Facts," denies this fact based upon the same "motive and intent" argument discussed in footnote 5.

[7] Plaintiff, in her "Response to Defendant's Statement of Undisputed Material Facts," denies this fact based upon the same "motive and intent" argument discussed in footnote 5.

[8] Plaintiff, in her "Response to Defendant's Statement of Undisputed Material Facts," denies this fact based upon the same "motive and intent" argument discussed in footnote 5.

[9] Plaintiff, in her "Response to Defendant's Statement of Undisputed Material Facts," denies this fact based upon the same "motive and intent" argument discussed in footnote 5.

6

Dep., pp. 101-103; McDonald Dep., pp. 26-27; McDonald Decl., ¶ 15.

### III.  Analysis

**A.  Summary Judgment Standards**

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim.  *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party.  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential

7

element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999).

## B.  Title VII of the Civil Rights Act of 1964

Title VII of the Civil Rights Act of 1964 ("Title VII") protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

> It shall be an unlawful employment practice for an employer--
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

Federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (*citing Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544-45 (6th Cir. 1991)). Thus, as a prerequisite to bringing a Title VII discrimination claim in federal court, a claimant is required to file a charge of discrimination or retaliation with the EEOC and is precluded from seeking

8

judicial review until the Commission has made a final disposition of his claim. 42 U.S.C. § 2000e-5. *See also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 554, 97 S. Ct. 1885, 1887, 52 L. Ed. 2d 571 (1977). The wording of the allegations in the EEOC charge does not, however, have to be exact or all-encompassing; rather, the court may consider allegations not explicitly stated in the EEOC charge if those allegations could reasonably be expected to grow out of the charge of discrimination. *Tipler v E. I. du Pont de Nemours & Co.*, 433 F.2d 125, 131 (6th Cir. 1971) (*citing Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465-66 (5th Cir. 1970)*; King v. Georgia Power Co.*, 295 F.Supp. 943 (N.D. Ga. 1968)).

In order to establish a prima facie case of discrimination in violation of Title VII, a plaintiff must prove that,

> 1) he/she is a member of a protected class;
>
> 2) he/she was qualified for his/her job and performed it satisfactorily;
>
> 3) despite his/her qualifications and performance, he/she suffered an adverse employment action;[10] and
>
> 4) that he/she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

*Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). (Footnote added.)

A plaintiff may establish a claim of discrimination under Title VII either by introducing

---

[10] An adverse employment action is one that causes a materially adverse change in a term of employment, such as significantly diminished responsibilities, termination, a demotion evidenced by a decrease in wage or salary, a less distinguished title, or a material loss of benefits. *See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885-86 (6th Cir. 1996).

9

direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000), *citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct evidence approach, once the plaintiff introduces evidence that the employer terminated him/her because of his/her protected status, the burden of persuasion shifts to the employer to prove that it would have terminated the plaintiff even had it not been motivated by discrimination. *Johnson*, 215 F.3d at 572, *citing Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994) (*citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989)).

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence approach is used and the *McDonnell Douglas-Burdine* tripartite test is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant carries this burden, the plaintiff must then prove that the proffered reason was actually pretextual. *Id.* The plaintiff may establish pretext by showing that, 1) the stated reasons had no basis in fact; 2) the stated reasons were not the actual reasons; or 3) the stated reasons were

10

insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.,* 280 F.3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

In the case at bar, Plaintiff asserts that Defendant discriminated against her based upon her national origin. Docket Entry No. 1. As has been discussed, in order to defeat Defendant's properly pleaded Motion for Summary Judgment, Plaintiff must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56. In so doing, Plaintiff cannot rely upon conclusory allegations or denials. If Plaintiff fails to make a showing sufficient to establish the existence of an element essential to her case, and on which she will bear the burden of proof at trial, there is no genuine issue as to any material fact, and Defendant is entitled to a judgment as a matter of law. *Celotex*, 477 U.S. at 322-23.

Although Plaintiff, in her Memorandum (Docket Entry No. 25), spends numerous pages discussing the history, purpose, and appropriateness of summary judgment in a variety of situations (none of which closely parallel the case at bar),[11] Plaintiff cannot rest on rhetoric or conclusory allegation; rather, Plaintiff must adduce affirmative evidence in a form required by Fed. R. Civ. P. 56 establishing a genuine issue of material fact, and Plaintiff has failed to do so. With regard to her prima facie case, Plaintiff argues,

> It is undisputed that (1) the plaintiff is a member of a protected class and (2) that she suffered an adverse employment action.

---

[11] Additionally, the Court notes that the majority of the cases cited by Plaintiff are from other Circuits, and therefore not binding upon this Court.

11

> With respect to the third prong of plaintiff's prima facie case, the facts are in dispute. That is, whether or not she was qualified and whether she was replaced by or her position remained open to similarly qualified applicants after her dismissal.

Docket Entry No. 25.

Despite Plaintiff's assertion that "the facts are in dispute" regarding whether Plaintiff was qualified for her position, Plaintiff testified in her Deposition that she could no longer perform her room attendant duties with her permanent medical restrictions. Plaintiff's Dep., p. 83. Plaintiff has clearly admitted that, at the time of her termination, she could no longer perform her duties. Accordingly, there is no genuine issue as to material fact with regard to whether Plaintiff was qualified for her position at the time of her termination, and Plaintiff cannot establish this element of her prima facie case.[12]

As has been noted, Plaintiff also argues that there is a genuine issue of material fact with regard to "whether she was replaced by or her position remained open to similarly qualified applicants after her dismissal." Docket Entry No. 25. Although it is undisputed that Defendant has hired room attendants since Plaintiff's termination, Plaintiff has failed to adduce any evidence in a form required by Fed. R. Civ. P. 56 establishing that any of Defendant's subsequent room attendant hires were similarly situated to herself, either in terms of their nationality or in terms of their having permanent medical restrictions.

Moreover, Plaintiff has failed to adduce any evidence in a form required by Fed. R. Civ. P. 56 that similarly situated individuals outside her protected class were treated more favorably

---

[12]Whether Plaintiff was qualified for her position before her injury is not in dispute, nor is it material. The issue is whether Plaintiff was qualified for her position at the time of her termination.

than she.  It is undisputed that none of the individuals that Plaintiff cites as comparable to herself had permanent medical restrictions, and it is further undisputed that each of the individuals cited returned to work and was able to perform her duties.  *See, e.g.,* McDonald Dep., pp. 26-27; McDonald Decl., ¶ 15; Plaintiff's Dep., pp. 101-103.  Accordingly, Plaintiff has failed to demonstrate this element of her claim.

Because Plaintiff cannot establish the requisite elements of her prima facie case, Defendant is entitled to a judgment as a matter of law.

## VI.  Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment will be GRANTED.

An appropriate Order will be entered.

_____  
E. Clifton Knowles  
United States Magistrate Judge